IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HERBERT JENA, | § | |
| --- | --- | --- |
| Petitioner, | § | |
| | § | 3:16-CV-132-G |
| v. | § | 3:07-CR-186-G |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

Petitioner filed this motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges his conviction for conspiracy to defraud the United States and obstruction of justice. The Court sentenced Petitioner to 180 months in prison. On May 11, 2012, the Fifth Circuit Court of Appeals affirmed. *United States v. Jena*, 478 Fed. Appx. 99 (5th Cir. 2012).

On January 9, 2016, Petitioner filed the instant § 2255 petition. He argues:

1.  He received ineffective assistance of counsel during pre-trial, trial, and appeal; and

2.  The trial court abused its discretion when the court failed to inquire into Petitioner's dissatisfaction with his attorneys.

Page 1

On May 2, 2016, the government filed its response arguing, *inter alia*, that the petition is time-barred. On May 26, 2016, Petitioner filed a reply. The Court finds the petition should be dismissed as barred by the statute of limitations.

**II. Discussion**

**1.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). On May 11, 2012, the Fifth Circuit affirmed Petitioner's conviction and sentence on appeal. Petitioner did not file a petition for writ of certiorari. His conviction therefore became final ninety days later on August 9, 2012. *See* Sup. Ct. R. 13. Petitioner then

had one year, or until August 9, 2013, to file his § 2255 petition. Petitioner did file his petition until January 9, 2016. His petition is therefore untimely.

Petitioner claims his petition it timely because he filed a motion for new trial under Fed. R. Crim. P. 33, and this motion tolled the limitations period. A motion for new trial, however, does not toll the AEDPA limitations period if it is filed more than ten days after entry of final judgment. *See United States v. Redd*, 562 F.3d 309, 312-13 (5th Cir. 2009). In this case, Petitioner's motion for new trial was filed over a year after entry of final judgment. It therefore did not toll the limitations period.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner claims he is entitled to equitable tolling because his counsel deceived him about filing a § 2255 petition. Petitioner claims that when counsel filed his October 22, 2012, supplemental motion for new trial under Fed. R. Crim. P. 33(a), counsel told Petitioner that this

Page 3

motion included a motion under § 2255, and that counsel requested a hearing pursuant to § 2255. The record shows, however, that Petitioner was well aware that no § 2255 petition had been filed. After counsel filed the October 22, 2012 supplemental motion for new trial, on October 24, 2012, counsel filed a supplement to correct errors in the motion for new trial. Counsel stated Petitioner called him from prison, and asked that counsel correct, among other errors, the error that an evidentiary hearing was requested under the Rules Governing § 2255 petitions. (ECF No. 484 at 1-2.) Counsel stated it had become "almost second nature" for him to use the § 2255 language to request a hearing, but that language was incorrect for his motion under Fed. R. Crim. P. 33(a). (*Id.*) Counsel stated the § 2255 language should be disregarded. Petitioner also submitted a copy of emails showing that on October 24, 2012, Petitioner sent his counsel an email confirming that counsel would correct the errors in the supplemental motion for new trial. (Reply Ex. B.) Petitioner therefore knew that the October 22, 2012 motion for new trial erroneously cited § 2255, and he contacted his counsel to correct the error.

Additionally, on October 24 and 25, 2012, Petitioner sent emails to his counsel asking his counsel to also argue in the motion for new trial that a certain government witness had never signed a plea agreement with the government, although she testified at trial that she had signed the agreement. (*Id.*) Counsel responded by email that the claim could instead be raised on a § 2255 motion. Petitioner responded that he wanted to file the claim in the Rule 33 motion and not wait to file it in a § 2255 motion. (*Id.*) On October 30, 2012, counsel filed a motion to add the claim to the Rule 33 motion for new trial. (ECF No. 485.) The record clearly shows Petitioner knew that his motion for new trial was filed under Fed. R. Crim. P. 33 and that no § 2255 petition had been filed.

To the extent Petitioner seeks equitable tolling due to ignorance of the law, this claim is without merit. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, and lack of legal training claims do not support equitable tolling of the AEDPA statute of limitations).

Petitioner has failed to show he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. His § 2255 motion should therefore be dismissed as barred by the one-year statute of limitations.

## III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).